**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Case No. 8:20-cv-1471-MSS-SPF**

**SHIRLEY A. O'GUIN**

     Plaintiff,

v.

**WEBCOLLEX, LLC D/B/A**
**CKS FINANCIAL**

     Defendant,

_____/

## DEFENDANT'S MOTION TO DISMISS

Defendant, Webcollex, Inc. d/b/a CKS Financial ("CKS"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss Plaintiff's Complaint (DE 1) in its entirety, based on Plaintiff's failure to state an actionable claim for relief under both the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

*First,* Plaintiff has not plausibly alleged that CKS engaged in any conduct intended to abuse, annoy, or harass Plaintiff.

*Second*, Plaintiff has not plausibly alleged the existence of a consumer debt, which is required to invoke the protections of both the FDCPA and FCPA.

Accordingly, CKS respectfully requests that the Court dismiss the Complaint in its entirety, with prejudice.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

## INTRODUCTION

Plaintiff alleges that CKS violated Section 1692d(5) of the FDCPA and Section 559.55 of the FCCPA because CKS, an alleged debt collector (DE 1 ¶ 10), purportedly called Plaintiff seven times over approximately 42 days—six of which were made over nine days in June 2020—to collect an "unpaid credit card debt" her granddaughter allegedly owes CKS. DE 1 ¶¶ 14, 18, 22. Plaintiff does not allege the nature of the alleged credit card debt.

Plaintiff alleges that CKS first called Plaintiff in mid-May, at which time Plaintiff allegedly indicated to CKS that her granddaughter did not live with her and "politely requested that they don't call anymore." DE 1 ¶ 13–15, 18. Plaintiff alleges that CKS called her on the following dates:

> June 16, 2020
> June 17, 2020
> June 19, 2020
> June 23, 2020
> June 24, 2020
> June 26, 2020

DE 1 ¶ 22. Plaintiff alleges that these six calls—made over a nine-day period only on weekdays, half of which were on non-consecutive days—were "made with the specific intent of abusing, annoying, and harassing." DE 1, ¶ 29. Plaintiff does not allege that she answered the phone on any of the above-alleged dates.

Because Plaintiff's allegations fail to state plausible claims for relief under Section 1692d(5) of the FDCPA and Section 559.55 of the FCCPA, the Complaint is due to be dismissed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

A complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

Further, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). "But where the well-pleaded facts do not permit the court to infer

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—
'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P 8(a)(2)).

I.      **PLAINTIFF FAILED TO STATE A PLAUSIBLE FDCPA CLAIM**

        **A.  Plaintiff Has Not Plausibly Alleged a 1692d(5) Violation**

        The FDCPA prohibits a debt collector from "[c]ausing a telephone to ring or engaging any
person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass
any person at the called number." 15 U.S.C. § 1692d(5). The Federal Trade Commission staff
commentary states that "'[c]ontinuously' means taking a series of telephone calls, one right after
the other [while 'r]epeatedly' means calling with excessive frequency under the circumstances."
*Wells v. Enhanced Recovery Co.*, 2011 U.S. Dist. LEXIS 173482, at *19 n.14 (N.D. Ga. May 12,
2011) (quoting Federal Trade Commission Staff Commentary on the Fair Debt Collection
Practices Act at 53 Fed. Reg. 50097 § 806(5)) (alterations in original).

        In determining liability under § 1692d(5), "[c]ourts have held that '[w]hether there is
actionable harassment or annoyance turns not only on the volume of calls made, but also on the
pattern of calls.'" *Mimbs v. J.A. Cambece Law Office, P.C.*, 2013 U.S. Dist. LEXIS 191084, at *13
(S.D. Fla. July 31, 2013). "Intrusive and unwanted phone calls are not necessarily abusive,
deceptive, and unfair debt collection practice" under the FDCPA. *Lardner v. Diversified
Consultants Inc.*, 17 F. Supp. 3d 1215, 1226 (S.D. Fla. 2014). "[C]ourts generally have held that
<u>one or two phone calls per day are not sufficient . . . absent evidence of other egregious conduct
associated with the calls</u>." *Wolhuter v. Carrington Mortg. Servs., LLC*, 2015 U.S. Dist. LEXIS
184818, at *3 (M.D. Fla. Oct. 28, 2015) (collecting cases) (emphasis supplied).

        "Continuing to make calls after being asked not to do so, is not a violation of section 1692d.
It might be violation of section 1692c(c), but only if the request was in writing." *Rhinehart v.*

4

*Diversified Cent., Inc.*, 2018 U.S. Dist. LEXIS 5141, *25 (S.D. Ala. Jan. 11, 2018) (citing 15

U.S.C. § 1692c(c)) (finding plaintiff's "many requests" that the defendant-debt collector stop

calling irrelevant to 1692d(5) claim, and dismissing claim alleging that the defendant called her

34 times in 65 days despite her demands) (citing *Clark v. Pinnacle Credit Servs.*, 2017 U.S. Dist.

LEXIS 29987, at *5 (M.D. Ga. Mar. 3, 2017) (dismissing claim for violation of FDCPA where it

was not alleged that plaintiff told defendant to stop calling in writing)) (parenthetical in original).

In determining whether a communication is harassing or oppressive under § 1692d, courts

consider the following factors:

> (1) [T]he volume and frequency of attempts to contact the debtor, (2) the volume
> and frequency of contacts with the debtor, (3) the duration of the debt collector's
> attempted communication and collection, (4) the debt collector's use of abusive
> language, (5) the medium of the debt collector's communication, (6) the debtor's
> disputing the debt or the amount due, (7) the debtor's demanding a cessation of the
> communication, (8) the debt collector's leaving a message, (9) the debt collector's
> calling at an unreasonable hour, (10) the debt collector's calling the debtor at work,
> (11) the debt collector's threatening the debtor, (12) the debt collector's lying to the
> debtor, (13) the debt collector's impersonating an attorney or a public official, (14)
> the debt collector's contacting a friend, co-worker, employee, employer, or family
> member, and (15) the debt collector's simulating or threatening legal process.

*Mesa v. Pennsylvania Higher Educ. Assistance*, 2017 U.S. Dist. LEXIS 205891, at *17–18 (S.D.

Fla. Dec. 13, 2017).

"Congress did not intend the FDCPA to completely bar any debt collection calls." *Waite v.*

*Fin. Recovery Servs.*, 2010 U.S. Dist. LEXIS 133438, at *17-20 (M.D. Fla. Dec. 16, 2010). Thus,

one to two calls a day, without more, is generally regarded as insufficient to sustain an alleged

violation of Section 1692d(5). *See Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1307

(S.D. Fla. 2016) ("Nineteen calls over a month, the majority of which went unanswered, without

more—for example who was the target of the call or derogatory language used during the call—is

insufficient to sustain a claim for harassment under section 1692d of the FDCPA"); *Waite*, 2010

U.S. Dist. LEXIS 133438 (M.D. Fla. Dec.16, 2010) (granting summary judgment, notwithstanding

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

evidence that debt collector made 132 calls in a nine month period, often calling four times per day); *Tucker v. CBE Group, Inc.*, 710 F. Supp. 2d 1301 (M.D. Fla. 2010) (granting summary judgment to defendant debt collector who placed fifty seven total calls, up to seven calls per day); *Druschel v. CCB Credit Services, Inc.*, 2011 U.S. Dist. LEXIS 113312 (M.D. Fla. Jun. 14, 2011) *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 74445 (M.D. Fla. Jul. 11, 2011) (summary judgment granted to defendant who allegedly placed 14 calls to plaintiff over a 17 day period after plaintiff indicated he could not pay the debt because the daily calls were "unaccompanied by other aggravating conduct").

In *Mimbs*, the defendant-debt collector called plaintiff fourteen times over a nine-day period, resulting in a total of two conversations in which the plaintiff told the defendant that she was terminally ill with lung cancer and demanded that the defendant stop calling her. 2013 U.S. Dist. LEXIS 191084, at *2, 13–14. The defendant's representative allegedly responded to the plaintiff with hostility and yelled that plaintiff must pay the debt regardless of her illness, at which time the plaintiff again demanded that the defendant stop calling her. *Id.*, at *3. Notwithstanding the plaintiff's demands, the defendant made 12 additional calls between June 14, 2012, and June 22, 2012. *Id.* The plaintiff sued the debt collector for, among other things, violating Section 1692d(5), alleging that the defendant's conduct was highly offensive to a reasonable person and caused her to suffer humiliation, embarrassment, and emotional distress, particularly while she had been dealing with a terminal illness. *Id.*, at *3.

The debt collector moved for judgment on the pleadings.[1] *Id.*, at *1. The court found that the "the alleged call volume and frequency of Defendant's calls to Plaintiff does not satisfy the

---

[1] A Rule 12(c) motion for judgment on the pleadings "is governed by the same standard as a Rule 12(b)(6) motion to dismiss[.]" *Id.*, at *6.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

case law interpreting this section of the FDCPA." *Id*., at *14 (collecting cases). In so doing, the court explained that "unlike in cases relied upon by Plaintiff, the Complaint does not allege several calls by Defendant on the same day, impermissible automated calls, or more than two conversations with Defendant." *Id*., at *15. The court granted the defendant's motion. *Id*.[2]

Here, Plaintiff's allegations do not state a plausible violation of Section 1692d(5). Accepting Plaintiff's allegations as true, CKS called Plaintiff seven times over 42 days. Excluding the alleged May 2020 call (DE 1 ¶ 14), CKS allegedly called an average of .67 times per day over the alleged nine-day period in June (*id*. ¶ 22). CKS did not call Plaintiff more than once on the same day. *Id*. Thus, the conduct giving rise to Plaintiff's Complaint does not constitute "repeated" or "continuous" calls. *Wells*, 2011 U.S. Dist. LEXIS 173482, at *19 n.14 ("'[c]ontinuously' means taking a series of telephone calls, one right after the other [while 'r]epeatedly' means calling with ***excessive*** frequency under the circumstances.") (emphasis supplied).

Further, none of these calls occurred on a weekend.[3] And, half of the June 2020 calls were made on non-consecutive days. Plaintiff does <u>not allege</u>: more than a single conversation between Plaintiff and CKS between May and June 2020; that she spoke to anyone identified as an employee or agent of CKS in June 2020; that the calls were made at odd hours; that CKS left voicemails; that CKS called more than once in a single day; that any conversations took place between her and CKS in June 2020; that CKS called places of employment; or that CKS called at odd hours. Thus, the number of and frequency of calls Plaintiff alleges do not rise to the level of those made in

---

[2] The *Mimbs* plaintiff, similar to Plaintiff here, alleged a FCCPA claim pursuant to the court's pendant jurisdiction under 28 U.S.C. § 1367. *Id*. After dismissing Plaintiff's Federal claims, the court "decline[d] to exercise supplemental jurisdiction of Plaintiff's claims arising under the" FCCPA. *Id*.

[3] Although Plaintiff does not allege the specific weekdays the alleged calls, the Court can take judicial notice of its calendar, which will show that none of the alleged call dates fell on a weekend. *Walker v. Indian River Transp. Co.*, 741 F. App'x 740, 743 n.3 (11th Cir. 2018).

7

*Mimbs* (12 calls over eight days), which the court found did not state a cause of action despite the plaintiff alleging that the defendant yelled that she must pay the debt owed despite her illness. 2013 U.S. Dist. LEXIS 191084, at *3.

Plaintiff failed to plausibly allege that CKS engaged in any egregious conduct and merely identifies a total of <u>seven</u> phone calls between "mid-May" and June 2020 – roughly a 42-day period. DE 1, ¶¶ 14, 22. That CKS allegedly called Plaintiff 30 days after she allegedly requested that CKS no longer call her does not constitute "egregious" or "aggravating" conduct as a matter of law, particularly in light of the fact that Plaintiff does not allege that she even spoke to any employee or agent of CKS in June 2020. *See Rhinehart*, 2018 U.S. Dist. LEXIS 5141, at *25 ("Continuing to make calls after being asked not to do so, is not a violation of section 1692d."); *Mimbs*, 2013 U.S. Dist. LEXIS 191084, at *13 (dismissing Section 1692d(5) claim despite the plaintiff's alleged demand that the defendant stop calling). At best, continuing to make calls after the plaintiff verbally requested the defendant to stop is but one of one of *fifteen* factors to consider. *See Mesa*, 2017 U.S. Dist. LEXIS 205891, at *17–18. Absent a showing on the remaining fourteen factors or other <u>egregious</u> conduct, that allegation alone does not state a claim for relief. *Id*.

Noticeably missing from the Complaint are allegations regarding the frequency, duration, volume, the content of the alleged calls, and whether Plaintiff even spoke to a CKS representative on a single call allegedly made in June 2020. This absence also militates in favor of dismissal. *Lugassy v. Bank of Am., N.A.*, 2020 U.S. Dist. LEXIS 41469, at *20 (S.D. Fla. Mar. 6, 2020) (dismissing Section 1692d(5) claim because "[a]lthough Plaintiff alleges that the calls were 'consistent,' Plaintiff does not allege the frequency/volume of calls or if they were plausibly intended to harass Plaintiff"); *Brown v. Account Control Tech., Inc.*, 2014 U.S. Dist. LEXIS 188807, at *11 (S.D. Fla. Mar. 27, 2014) (dismissing FDCPA claim alleging "repeated" debt-

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

related calls—without allegations regarding frequency, duration, content, and/or responses to requests that the calls stop—for failure to show conduct that would "harass, oppress, or abuse" plaintiff under Section 1692d(5)); *see also Rhinehart* 2018 U.S. Dist. LEXIS 5141, at *24–25 (finding FDCPA claim not plausible where plaintiff alleged number of calls, the time period, and "multiple" requests that defendant stop calling, but failed to provide details about the calls, including the content of any messages received); *Lardner*, 17 F. Supp. 3d at 1225 (simply calling plaintiff 126 times over the course of seven months is not enough to violate the FDCPA where there was no evidence of egregious or harassing conduct).

Plaintiff's allegations, even taken as true, simply do <u>not</u> rise to the level of abuse that is actionable under the FDCPA as a matter of law. Accordingly, Count I is due to be dismissed for failure to state a claim for relief.

### B. <u>Plaintiff Has Also Failed to Plausibly Alleged The Existence of a Valid Debt</u>

Plaintiff alleges that "[o]n information and belief," CKS called her to "collect on unpaid credit card debt." DE 1 ¶ 18. Plaintiff further alleges that "[o]n information and belief, the debt Defendant sought to collect is a 'debt' as defined by 15 U.S.C. § 1692(a)(6)." *Id.* at ¶ 19. These allegations are wholly lacking any factual substance and merely recite the elements of the claim alleged such that Plaintiff failed to state a claim for relief.

"[T]he FDCPA only protects consumer debt rather than commercial or business debt." *Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1304 (S.D. Fla. 2016). To recover under the FDCPA, a plaintiff must make a threshold showing that the money being collected qualifies as a "debt." *DiPilato v. Rudd & Diamond, P.A.*, 2011 U.S. Dist. LEXIS 120251, at *4 (S.D. Fla. Oct. 18, 2011) (quoting *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 838-39 (11th Cir. 2010)); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998); *Ferri v. Frank J. Del*

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

*Medico & Frank J. Del Medico, Ltd.*, 2013 U.S. Dist. LEXIS 196016, at *5 (M.D. Fla. May 21, 2013) (Scriven, J.) ("To establish a claim under the FDCPA a plaintiff must demonstrate that the money being collected qualifies as a debt.")

Under the FDCPA, "debt" is expressly defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to a judgment." 15 U.S.C. § 1692a(5). Thus, the FDCPA "appl[ies] only to payment obligations of a (1) consumer arising out of a (2) transaction in which the money, property, insurance, or services at issue are (3) primarily for personal, family, or household purposes." *Oppenheim*, 627 F.3d at 837 (emphasis in original).

"[T]he Court need not accept the truth of allegations that are based simply 'upon information and belief,' *see Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013), unless the 'belief is based on factual information that makes the inference of culpability plausible,'" *Associated Indus. Ins. Co. v. Advanced Mgmt. Servs.*, 2013 U.S. Dist. LEXIS 190063, at *7 (S.D. Fla. March 20, 2013) (citing *Iqbal*, 556 U.S. at 678)." *Holding Co. of the Vills. v. Little John's Movers & Storage, Inc.*, 2017 U.S. Dist. LEXIS 202882, at *20 (M.D. Fla. Dec. 11, 2017). "[I]f the court accepts the allegations made 'upon information and belief,' those allegations still must provide the factual content necessary to draw a reasonable inference of liability." *Boateng v. Ret. Corp. of Am. Partners, L.P.*, 2013 U.S. Dist. LEXIS 197898, at *11 (N.D. Ga. Mar. 5, 2013).

Here, Plaintiff has failed to adequately allege whether or not CKS attempted to collect a consumer debt covered by the FDCPA. Plaintiff makes only vague reference to an unspecified credit card debt (DE 1 ¶ 18), but does not plead facts describing the transaction that would enable the Court to determine that the debt was for personal, family, or household purposes. Plaintiff's

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

bare-bones and conclusory allegations founded "[o]n information and belief" (*id.* at ¶¶ 18, 19) do

not suffice. Accordingly, dismissal of Count I is appropriate. *See DiPilato*, 2011 U.S. Dist. LEXIS

120251, at *7 (dismissing FDCPA claim where the plaintiff failed to plausibly allege the existence

of a "debt," as defined under the FDPCA); *Lutman v. Harvard Collection Servs.*, 2015 U.S. Dist.

LEXIS 103199, at *8 (M.D. Fla. Aug. 6, 2015) (same); *Dressler v. Equifax, Inc.*, 805 F. App'x

968, 973 (11th Cir. 2020) (affirming dismissal on the same issue).

## II.   THE FCCPA CLAIM IS DUE TO BE DISMISSED

Plaintiff's FCCPA claim is based on the same set of operative facts as the FDCPA claim.

As explained hereinafter, if the Court dismisses the FDCPA claim, then it should also dismiss the

FCCPA claim for the same reasons.

### A.  Plaintiff Failed to State A Plausible FCCPA Violation

"[C]laims under § 559.72(7) are construed in the same manner as claims under 15 U.S.C.

§ 1692d(5) of the Fair Debt Collection Practices Act." *Gonzalez v. Ocwen Loan Servicing, LLC*,

2018 U.S. Dist. LEXIS 153480, at *19 (M.D. Fla. Sep. 5, 2018); § 559.77(5) ("[D]ue consideration

and great weight shall be given to the interpretations of the Federal Trade Commission and the

federal courts relating to the federal Fair Debt Collection Practices Act."). Thus, if a court finds

for the defendant on an FDCPA claim based on the same facts as an FCCPA claim, the FCCPA

claim should be dismissed. *See Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1308 (S.D.

Fla. 2016) (granting summary judgment on FCCPA claim based on same facts as FDCPA claim).

Here, Plaintiff's FCCPA claim is based on the same hollow and conclusory allegations as

her FDCPA claim. DE 1 ¶¶ 31, 32. Accordingly, Count II, Plaintiff's FCCPA, claim should also

be dismissed for the same reasons as Plaintiff's FDCPA claim.

### B.  Plaintiff Also Failed to Plausibly Alleged The Existence of a Valid Debt

Plaintiff alleges that "[o]n information and belief, the debt Defendant sought to collect is a 'debt' as defined by M.C.L. § 339.901(1)(a)." DE 1 ¶ 21. These allegations are insufficient to invoke the protections of the FCCPA for two reasons. First, barebones allegations founded on information and belief do not state a cause of action. Second, Florida law governs Plaintiff's FCCPA claim, not Michigan law.

Similar to the FDCPA, the FCCPA defines a "debt" or a "consumer debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." § 559.55(6), Fla. Stat. "By its own terms, the FCCPA only regulates debt collectors attempting to collect consumer debts." *Parham v. Seattle Serv. Bureau*, 656 F. App'x 474, 478 (11th Cir. 2016) (affirming dismissal of FCCPA claim because the debt owed did not meet the definition of a "debt" under the FCCPA).

Here, as stated above, Plaintiff failed to plausibly allege facts showing that the debt at issue is a consumer debt under the FCCPA. Instead, Plaintiff only makes vague allegations concerning a credit card debt. These allegations, alone, are insufficient to invoke the FCCPA. Accordingly, Count II is also due to be dismissed.

### CONCLUSION

**WHEREFORE**, CKS respectfully requests that the Court dismiss the Complaint in its entirety under Rule 12(b)(6), with prejudice. Dismissal with prejudice is appropriate because any amendment to the Complaint would be futile.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131

## DEMAND FOR ATTORNEYS' FEES

Defendant hereby demands judgment for attorneys' fees under 15 U.S.C. § 1692k(a)(3).[4]


Respectfully submitted on August 5, 2020.

*s/ Andrew R. Schindler*
**JOSEPH A. SACHER**
FBN 174920
*jsacher@grsm.com*
**ANDREW R. SCHINDLER**
FBN 124845
*aschindler@grsm.com*

**GORDON REES SCULLY
MANSUKHANI LLP**
100 SE 2nd Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5339
***Counsel for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed on August 5, 2020, with the Clerk by using the CM/ECF system, which will notify all counsel of record of this filing.

*s/ Andrew Schindler*
Andrew R. Schindler

---

[4] In the event the Court grants this Motion with prejudice, CKS respectfully requests that the Court reserve jurisdiction to determine entitlement to and amount of attorneys' fees.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131