**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Civil Action No. 8:20-cv-1471-MSS-SPF

SHIRLEY A. O'GUIN,

    Plaintiff,

v.

WEBCOLLEX, LLC d/b/a CKS FINANCIAL,

    Defendant.
_____/

**FIRST AMEDNED COMPLAINT**

**NOW COMES** SHIRLEY A. O'GUIN through undersigned counsel, complaining of Defendant, WEBCOLLEX, LLC d/b/a CKS FINANCIAL., as follows:

**NATURE OF THE ACTION**

1.    This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collection Practices Act (the "CCPA"), Fla. Stat. § 559.55 *et seq*.

**JURISDICTION AND VENUE**

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.    SHIRLEY A. O'GUIN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 575 West Ethelene Street, Bartow, Florida 33830.

1

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

8. WEBCOLLEX, LLC d/b/a CKS FINANCIAL ("Defendant") is a limited liability company organized and existing under the laws of Virginia.

9. Defendant has its principal place of business at 510 Independence Parkway, Suite 300, Chesapeake, Virginia 23320.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

12. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

13. In or around May 2020, Plaintiff started to receive phone calls from Defendant, who was looking for Plaintiff's granddaughter.

14. In mid-May 2020, Plaintiff answered a call from Defendant, and Defendant specifically stated they were calling to contact Plaintiff's granddaughter for a personal matter.

15. Plaintiff politely informed Defendant that she did not live with her granddaughter and they would not be able to contact her at Plaintiff's phone number.

16. Plaintiff, who was recovering from hip replacement, politely requested that Defendant stop calling her.

17. Notwithstanding Plaintiff's request, the phone calls from Defendant persisted.

18. Plaintiff ultimately determined Defendant's identity and realized that they were consumer debt collectors.

19. On information and belief, Defendant sought to collect on unpaid credit card debt ("subject debt").

20. Plaintiff's granddaughter has never owned or operated a personal business.

21. Plaintiff's granddaughter informed her grandmother that she may have had some unpaid credit card debt.

22. On information and belief, the debt Defendant sought to collect is a "debt" as defined by 15 U.S.C. § 1692a(6).

23. On information and belief, the debt Defendant sought to collect is a "debt" as defined by Fla. Stat. §559.55 (7).

24. To date, Plaintiff received at least six (6) phone calls either looking for her granddaughter and/or looking to collect the subject debt from numbers leading back to Defendant – including, (813) 358-4384 and (973) 936-9755 – despite Plaintiff's request on:

> June 16, 2020
> June 17, 2020
> June 19, 2020
> June 23, 2020
> June 24, 2020

25. Defendant's phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

26. Defendant's phone calls caused anxiety, intrusion upon seclusion, invasion of privacy, and unnecessary stress.

27. Plaintiff was specifically concerned as to why Defendant continued to contact her when she explained that she did not live with her granddaughter and that they would not be able to contact her at Plaintiff's phone number.

28. Plaintiff was concerned that Defendant would continue to call and attempt to collect on the subject debt.

29. Concerned with having had her rights violated, Plaintiff was forced to retain counsel and incur attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

30. Paragraphs 13 through 29 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

31. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

32. Defendant violated 15 U.S.C. § 1692d(5) by repeatedly or continuously calling Plaintiff's cellular phone after being told to stop.

33. Defendant's behavior of systematically calling Plaintiff in an attempt to collect Plaintiff's granddaughter's debt was abusive and harassing.

34. Without question, Defendant's phone calls to Plaintiff were made with specific intent of abusing, annoying and harassing.

35. Specifically, Defendant continued to contact Plaintiff after Defendant knew 1) Plaintiff's granddaughter did not live with Plaintiff; 2) Plaintiff's number was not a good number to contact Plaintiff's granddaughter on; and 3) to stop calling Plaintiff.

36. As such, there was no other purpose for Defendant's collection calls besides collecting a debt that Plaintiff did not owe or with the intent of abusing, annoying and harassing Plaintiff.

### Violation(s) of 15 U.S.C. § 1692c(a)(1)

37. Pursuant to §1692c(a)(1) of the FDCPA, a debt collector is prohibited from communicating with a consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

38. Specifically, Defendant continued to contact Plaintiff after Defendant knew 1) Plaintiff's granddaughter did not live with Plaintiff; 2) Plaintiff's number was not a good number to contact Plaintiff's granddaughter on; and 3) to stop calling Plaintiff.

39. Defendant was put on notice that there was no good time to contact Plaintiff since she did not owe the subject debt, yet Defendant continued their collection calls.

40. There was no other purpose for Defendant's collection calls besides collecting a debt that Plaintiff did not owe or with the intent of abusing, annoying and harassing Plaintiff at a time which was known to be inconvenient to Plaintiff.

### Violation(s) of 15 U.S.C. § 1692e

41. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

42. Upon information and belief, as Defendant continued to contact Plaintiff after Defendant knew 1) Plaintiff's granddaughter did not live with Plaintiff; 2) Plaintiff's number was not a good number to contact Plaintiff's granddaughter on; and 3) to stop calling Plaintiff.

43. There was no other purpose for Defendant's collection calls besides collecting a debt that Plaintiff did not owe or abusing, annoying and harassing Plaintiff.

44. As such Defendant violated 15 U.S.C. § 1692e when they continued to place collection calls to Plaintiff after Defendant knew 1) Plaintiff's granddaughter did not live with Plaintiff; 2) Plaintiff's number was not a good number to contact Plaintiff's granddaughter on; and 3) to stop calling Plaintiff.

45. Plaintiff may enforce the provisions of 15 U.S.C. § 1692c(a)(1); d(5) and e pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1)   any actual damage sustained by such person as a result of such failure;

(2)

    (A)   in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)   in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.   find that Defendant violated 15 U.S.C. § 1692c(a)(1); d(5) and e;

B.   award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

    C.    award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    D.    award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

    E.    award such other relief as this Court deems just and proper.

## COUNT II:
## Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)

46.    Paragraphs 13 through 29 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Fla. Stat. § 559.72

47.    Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

48.    Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. *See Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

49.    Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not

exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Fla. Stat. § 559.72(7);

B. an award of actual damages sustained by Plaintiffs as a result of Defendant's violation(s);

C. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demands a trial by jury of any and all issues in this action so triable of right.

DATED: September 10, 2020            Respectfully submitted,

**SHIRLEY A. O'GUIN**

By: */s/ Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com

8