UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHIRLEY A. O'GUIN,

    Plaintiff,

v.                                                              Case No. 8:20-cv-1471-KKM-SPF

WEBCOLLEX, LLC,

    Defendant.
_____/

# ORDER

Plaintiff Shirley O'Guin brings an amended complaint for violations of the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collection Practices Act (FCCPA). (Doc. 13). Instead of separating out each violation of the FDCPA and FCCPA, O'Guin lumps them all together in two counts: one for violations of federal law and another for violations of state law. *See* (Doc. 13 at 4–8).

The amended complaint makes the following allegations.[1] In May and June of 2020, Defendant Webcollex called O'Guin several times seeking to collect her granddaughter's unpaid credit card debt. (Doc. 13 at 2–3). O'Guin informed the caller that her granddaughter did not live with her and requested that it stop calling her. (*Id.*).

---

[1] The Court recites the facts based on the allegations within the First Amended Complaint, (Doc. 13), which it must accept as true in ruling on the motion to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

1

According to the amended complaint, O'Guin received at least six phone calls either looking for her granddaughter or seeking to collect her granddaughter's debt. (*Id.* at 3). Specifically, she received calls on June 16, 17, 19, 23, and 24. (*Id.*). O'Guin alleges that the phone calls have disrupted her daily life and caused stress and anxiety and claims these phone calls violated multiple sections of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692c(a)(1), 1692e, as well as the Florida Consumer Collection Practice Act, § 559.72(7), Fla. Stat. (Doc. 13 at 4–7).

Webcollex moves to dismiss for failure to state a claim, arguing that O'Guin has not alleged a consumer debt under the FDCPA or FCCPA and has not alleged harassment or abuse under either statute. (Doc. 22). Because O'Guin has not alleged sufficient harassing behavior to state a claim under particular subsections of the FDCPA and FCCPA but has adequately alleged a consumer debt under the FDCPA and the FCCPA, the motion is granted in part and denied in part.

## I.  LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage*

2

*v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). This tenet, of course, is "inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## II. ANALYSIS

Webcollex moves to dismiss the First Amended Complaint for failure to state a claim because O'Guin (1) fails to allege abusive or harassing behavior that would constitute a violation of either the FDCPA or FCCPA and (2) fails to allege the existence of debt, an essential element of an FDCPA and FCCPA claim. (Doc. 22). The Court agrees that O'Guin has not alleged conduct that would establish a claim for abusive or harassing behavior under either statute, so those claims are due to be dismissed. But the Court finds that O'Guin has presented sufficient allegations to draw a reasonable inference of the existence of a consumer debt, so her remaining claims may proceed.

### A. Abusive or Harassing Conduct

Webcollex first argues that O'Guin's claims under § 1692d(5) of the FDCPA and § 559.72(7) of the FCCPA should be dismissed because her allegations do not rise to the level of abuse that is actionable under either statute. Under 15 U.S.C. § 1692d(5), a debt collector may not engage in conduct that harasses, oppresses, or abuses any person

in connection with the collection of a debt, including but not limited to causing a telephone to ring or engaging someone in a telephone conversation repeatedly with intent to annoy, abuse, or harass a person at that number. Similarly, under § 559.72(7), Florida Statutes, a debt collector may not willfully communicate with a family member of a debtor with "such frequency as can reasonably be expected to harass the debtor or her or his family." "[W]hen applying the provisions of the FCCPA, 'great weight shall be given to the interpretations of . . . the federal courts relating to the federal [FDCPA].'" *Trent v. Mort. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1361 (M.D. Fla. 2007) (Corrigan, J.) (quoting § 559.77(5), Fla. Stat.).

"Under [§ 1692d(5)] actionable harassment or annoyance turns on the volume and pattern of calls made irrespective of the substance of the messages." *Waite v. Fin. Recovery Servs., Inc.*, No. 8:09–cv–02336–T–33AEP, 2010 WL 5209350, at *2 (M.D. Fla. Dec. 16, 2010) (Covington, J.) (quotations omitted); *see also Breeder v. Gulf Coast Collection Bureau*, 796 F. Supp. 2d 1335, 1337 (M.D. Fla. 2011) (Porcelli, J.) ("In determining liability under FDCPA Section 1692d(5), courts often consider the volume and pattern of calls made to the debtor.").[2] Neither statute provides a definitive number of calls that would establish harassment, but courts have generally held that one or two phone calls a day is not sufficient. *Owens-Benniefield v. Nationstar Mort. LLC*, 258 F. Supp. 3d 1300,

---

[2] "[C]laims under § 1692d(5) should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985).

4

1310 (M.D. Fla. 2017) (Covington, J.) (finding § 1692d allegations insufficient where plaintiff alleged nine phone calls over two months); *see also Wolhuter v. Carrington Mort. Servs., LLC*, No. 8:15-cv-552-MSS-TBM, 2015 WL 12819153, at *3 (M.D. Fla. Oct. 28, 2015) (Scriven, J.) (collecting cases).

Here, O'Guin alleges Webcollex placed six phones calls to her in May and June of 2020. (Doc. 13 at 2–3). She alleges five calls with particularity; those calls were placed on June 16, 17, 19, 23, and 24. (*Id.* at 3). She does not allege that Webcollex made these phone calls at odd times or under any sort of annoying pattern or other egregious behavior like hanging up repeatedly or calling back-to-back. *See Waite*, 2010 WL 5209350, at *3 (finding that even evidence of 29 calls made in a single month was insufficient to prove a violation of § 1692d(5) where there was no other evidence of conduct showing an intent to harass). Accordingly, because the calls occurred in a frequency of no more than one call per day, only twice occurred on consecutive days, and because she made no other allegations of egregious conduct, O'Guin has not alleged a violation of § 1692d(5) or subsection 559.72(7).

O'Guin argues that this Court should conclude she has sufficiently alleged that these calls were abusive because Webcollex sought to recover her granddaughter's debt and not her own. (Doc. 26 at 5–6). O'Guin points to § 1692b(3), which provides restrictions on the debt collector communications with a non-consumer made for the purpose of acquiring location information about the consumer. But O'Guin does not

bring a claim under this section[3] and does not point to any other authority for her proposition that § 1692d(5) imposes a higher standard of behavior on calls to persons who are not the debtor.

Accordingly, O'Guin's claims under § 1692d(5) and § 559.72(7), Florida Statutes, are dismissed. Because Count II, the FCCPA claim, consists of only a claim under section 559.72(7), the entire count is dismissed. That leaves two claims of O'Guin's Count One FDCPA remaining: a violation under § 1692c(a)(1) and § 1692e.

### B. Existence of a Consumer Debt

Webcollex also argues that O'Guin's claims should be dismissed in their entirety because she has failed to allege the existence of a consumer debt under the FDCPA. To bring an action under the FDCPA or the FCCPA, a plaintiff must allege the existence of a debt owed by a consumer—that is, a debt owed by a natural person rather than a business or commercial debt. 15 U.S.C. § 1692a(3), (5); § 559.55(6), Fla. Stat. (defining "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes"); *see also Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 836–37 (11th Cir. 2010) ("To recover under both the FDCPA and the FCCPA (a Florida state analogue to the

---

[3] O'Guin also relies on § 1692c, which regulates a debt collector's communication with a consumer who has notified the debt collector in writing that he or she wishes to cease further communication. But O'Guin does not bring a claim under this statute and, in any event, does not allege that the request to cease communication was made in writing as required by § 1692c(c).

federal FDCPA), a plaintiff must make a threshold showing that the money being collected qualifies as a "debt.").

Webcollex contends that O'Guin has not met this requirement because some of her allegations are made "on information and belief," which Webcollex argues are insufficient as a matter of law. (Doc. 22 at 10–11). In support of this contention, Webcollex cites authority that merely restates the familiar standards for a motion to dismiss and, indeed, refutes Webcollex's argument. *See, e.g.*, *Associated Indus. Ins. Co. v. Advanced Mgmt. Servs., Inc.*, No. 12–80393–CIV, 2013 WL 1176252, at *3 (S. D. Fla. Mar. 20, 2013) (Marra, J.) ("The *Twombly* plausibility standard, however, does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the belief is based on factual information that makes the inference of culpability plausible." (quotations omitted)); *Holding Co. of the Vills., Inc. v. Little John's Movers & Storage, Inc.*, No. 5:17–cv–187–Oc–34PRL, 2017 WL 6319549, at *7 (M.D. Fla. Dec. 11, 2017) (Howard, J.) (citing *Iqbal* and not accepting as true an allegation made "upon information and belief" that was merely a legal conclusion); *Boateng v. Ret. Corp. of Am. Partners, L.P.*, No. 1:12-cv-01959-JOF, 2013 WL 12061901, at *4 (N.D. Ga. Mar. 5, 2013) (Forrester, J.) ("Defendants argue that after *Twombly* and *Iqbal*, the use of 'upon information and belief' is disfavored and insufficient to withstand a motion to dismiss. The court disagrees."). These cases merely reiterate that while the Court is not obliged to take *legal* conclusions as true, it must take *factual* assertions as true and determine if

the plaintiff has alleged enough to allow the court to draw a reasonable inference of liability. *Iqbal,* 556 U.S. at 678.

Here, O'Guin alleges that Webcollex sought to recover an unpaid credit card debt believed to be owed by her granddaughter who has never owned or operated a business. (Doc. 13 at 2–3). This is sufficient to draw a reasonable inference that the debt was owed by a natural person. Accordingly, O'Guin's remaining FDCPA claims may proceed.

## III.  CONCLUSION

O'Guin has plausibly alleged the existence of consumer debt, but has not alleged facts to support a claim under § 1692d(5) of the FDCPA or subsection 559.72(7) of the FCCPA. Accordingly, the following is **ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 22) is **GRANTED in part** and **DENIED in part**.

2. Count II, Plaintiff's Claim under the Florida Consumer Collection Practice Act is **DISMISSED with prejudice**.

3. Plaintiff's Claim under § 1692d(5) of the Fair Debt Collection Practice Act is **DISMISSED with prejudice**.

4. Because Plaintiff's Count I includes two violations of the FDCPA— §§ 1692c(1) and 1692e—Plaintiff's amended complaint is technically a shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015) (identifying one type of shotgun pleading as a

complaint commit[ting] the sin of not separating into a different count each cause of action or claim for relief"). To avoid unnecessary confusion as litigation advances, Plaintiff must file a second amended complaint separating the two remaining claims into separate counts by **August 13, 2021.**

**ORDERED** in Tampa, Florida, on August 6, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge