UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 8:20-cv-1471-KMM-SPF

SHIRLEY A. O'GUIN

    Plaintiff,

v.

WEBCOLLEX, LLC D/B/A
CKS FINANCIAL

    Defendant.

_____/

**DEFENDANT WEBCOLLEX, LLC d/b/a CKS FINANCIAL'S
MOTION FOR FINAL SUMMARY JUDGMENT**

Defendant, Webcollex, LLC d/b/a CKS Financial ("CKS"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 56 and Middle District of Florida Local Rule 3.01, hereby moves for final summary judgment on Counts I and II of the Plaintiff's Second Amended Complaint (DE 44) ("SAC").[1] In support thereof, CKS states:

**INTRODUCTION**

Plaintiff asserts that CKS purportedly violated Sections 1692c(a)(1) and 1692e of the Fair Debt Collection Practices Acts ("FDCPA") because CKS allegedly called Plaintiff six times in June of 2020 to collect a debt owed by her granddaughter (the

---

[1] CKS has not yet filed an answer to the SAC because its Motion to Dismiss the SAC is pending. DE 46. CKS brings the instant Motion at this time in accordance with the Court's Amended Scheduling Order (DE 55) requiring all dispositive motions to be filed by November 12, 2021.

"Debtor") after Plaintiff allegedly advised CKS that the Debtor could not be found at the number dialed and asked CKS to stop calling. Based on the foregoing, alone, CKS is entitled to final summary judgment as a matter of law, and because there are no genuine issues of material fact.

First, Section 1692c of the FDCPA only applies to consumers. The undisputed material facts show, that Plaintiff is not a consumer under the FDCPA and, thus, lacks standing to assert that claim, as a matter of fact and law.

Second, the undisputed material facts show that CKS did not call Plaintiff at any unusual time or place, or at a time CKS either knew or had reason to know would be inconvenient to Plaintiff. To be clear, Plaintiff has entirely failed to meet her burden on this issue.

Third, and equally important, CKS did not use any false, misleading, or deceptive means in connection with the collection of a debt. To be clear, there is no record evidence showing that CKS engaged in any such conduct. Thus, there is no genuine issue of material fact in dispute.

Because the undisputed facts demonstrate that: (1) Plaintiff is not a consumer under Section 1692c of the FDCPA; (2) CKS did not call Plaintiff at any unusual time or place; and (3) CKS did not use any false, misleading, or deceptive means to collect a debt, CKS is entitled to final summary judgment of dismissal as a matter of fact and law, on each claim asserted against it.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131

## STATEMENT OF UNDISPUTED MATERIAL FACTS[2]

1. The Debtor owed a consumer debt to CKS. SAC ¶¶ 16-20.

2. Plaintiff does **not** allege that she personally owed the subject debt. *See generally* SAC.

3. Plaintiff does **not** allege that CKS told her that she owed the subject debt. *See generally* SAC.

4. Plaintiff does **not** allege that she is the Debtor's spouse, guardian, executor, administrator, or parent of a minor debtor. *See generally* SAC.

5. In mid-May 2020, CKS called Plaintiff to collect on the debt owed by the Debtor and "stated [it] was calling to contact Plaintiff's granddaughter for a personal matter." SAC ¶ 11. This is the only alleged statement by CKS. *See generally id*.

6. On the same mid-May 2020 call, Plaintiff allegedly advised CKS that she did not live with the Debtor and that the Debtor could not be reached at the number dialed. Plaintiff allegedly requested that CKS stop calling. SAC ¶¶ 11-13.

7. CKS thereafter called Plaintiff on the following dates in 2020: June 16, 19, 23, and 24. SAC ¶ 21.

8. CKS only called Plaintiff's telephone number between 8:00 a.m. and 9:00 p.m. *See* Declaration of Scott Fox, ¶ 6.

9. CKS never called Plaintiff before 8:00 a.m. or after 9:00 p.m. *Id*., ¶ 7.

---

[2] CKS has not yet filed an answer in this action. Given the procedural posture of this case, CKS admits Plaintiff's allegations, as set forth in statements 1-10 hereinabove, solely for purposes of this Motion and expressly reserves the right to deny or dispute any allegations in the SAC in the event the Court denies this dispositive motion.

10. On August 6, 2021, the Court entered an Order partially granting CKS' Motion to Dismiss the First Amended Complaint ("FAC"). DE 40. In dismissing Plaintiff's Section 1692d(5) claim, the Court found that the FAC did not allege that CKS called Plaintiff "at odd times or under any sort of annoying pattern or other egregious behavior like hanging up repeatedly or calling back-to-back." DE 40 at 5 (citation omitted).

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 authorizes the entry of summary judgment when no genuine issue as to any material fact is present and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (internal quotations omitted). Furthermore, "[a]n issue [of material fact] is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 26 (11th Cir. 2013).

"A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be evidence from which a jury could reasonably find for the non-moving party." *Id*. at 26–27. Accordingly, if the moving party shows "that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party" then "it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Rich v. Sec'y, Fla. Dept. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013).

The nonmoving party "'may not rest upon the mere allegations or denials in its pleadings' but instead must present 'specific facts showing that there is a genuine issue for trial.'" *Byers v. Petro Servs.*, 110 F. Supp. 3d 1277, 1280 (S.D. Fla. 2015) (quoting *Walker v. Darby*, 911 F.2d 1573, 1576–77 (11th Cir. 1990)).

For issues on which the non-movant would bear the burden of proof at trial, summary judgment is appropriate against the non-movant if the movant shows the absence of evidence on the issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 332 (1986). Once the movant meets that burden, the non-movant bears the burden of coming forward with sufficient evidence on each element that must be proved. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990). If "a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

which the party will bear the burden of proof at trial[,]" Rule 56(c) mandates that summary judgment be entered against the non-movant. *Celotex Corp.*, 477 U.S. at 322.

## ARGUMENT

**I. PLAINTIFF DOES NOT HAVE STANDING TO ASSERT A SECTION 1692C CLAIM BECAUSE SHE IS NOT A CONSUMER UNDER THE FDCPA AND CKS DID NOT COMMUNICATE WITH PLAINTIFF AT ANY UNUSUAL TIME OR PLACE**

CKS is entitled to final summary judgment on Count I of the SAC because the undisputed material facts show that Plaintiff is not a consumer under the FDCPA, and that CKS did not call Plaintiff at any unusual time or place.

Section 1692c(a)(1) provides:

> Without the prior consent of the *consumer* given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a *consumer* in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the *consumer*. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the *consumer's* location[.]

(Emphasis added.)

### A. Plaintiff Lacks Standing To Bring a Section 1692c(a)(1) Claim Because She is Not a "Consumer"

Plaintiff alleges she "is a 'consumer' as defined by 15 U.S.C. 1692a(3)." SAC ¶ 5. However, contrary to Plaintiff's unsupported, conclusory allegation, section 1692a(3) of the FDCPA defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." For purposes of a Section 1692c claim, a

"consumer" also "includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." 15 U.S.C. § 1692c(d).

Relief under Section 1692c of the FDCPA is limited to "consumers" and, thus, only a consumer can sue for an alleged violation of Section 1692c. *Johnson v. Ocwen Loan Servicing*, 374 F. App'x 868, 874 (11th Cir. 2010) (affirming dismissal of Section 1692c claim because the plaintiff did not owe the alleged debt and, therefore, was not a "consumer"); *Coburn v. Gonzalez*, 141 F. Supp. 3d 1339, 1342 (S.D. Fla. 2015) (dismissing FDCPA claim because the plaintiff did not owe the alleged debt and, therefore, was not a "consumer"); *Frazer v. IPM Corp. of Brevard*, 767 F. Supp. 2d 1369, 1371 (N.D. Ga. 2011) (dismissing Section 1692c claim because the plaintiff was not a "consumer" under the FDCPA); *Deuel v. Santander Consumer USA, Inc.*, 700 F. Supp. 2d 1306, 1312 (S.D. Fla. 2010) (same).

In *Johnson v. Ocwen Loan Servicing*, the plaintiff sued the debt collector defendant for, among other things, violating section 1692c. 374 F. App'x at *4. The plaintiff's mother entered into a mortgage before transferring the encumbered property to the plaintiff and her sister. *Id*. The plaintiff was not a party to the mortgage and did not owe the subject debt. *Id*. The trial court dismissed the complaint for lack of standing. *Id*. On appeal, the Eleventh Circuit explained that "specific provisions of the FDCPA that Johnson cites in her amended complaint—§§ 805–09 and 812—protect 'consumers' from abusive debt collection practices and other deceptive actions taken

by creditors." *Id*. For that reason, the Eleventh Circuit held that the district court properly dismissed the plaintiff's Section 1692c claim. *Id*.

In *Deuel*, the plaintiff sued the defendant under the FDCPA after the defendant allegedly called the plaintiff's cell phone dozens of times in search of a third party that owed the subject debt. 700 F.Supp.2d at 1308. The plaintiff informed the defendant that she was not the debtor that the defendant had been attempting to reach, but the defendant nonetheless continued to call the plaintiff. *Id*. The defendant "was aware that the calls were being placed to someone other than . . . the alleged debtor, but requested that Plaintiff pay the debt anyway." *Id*. There, the defendant moved to dismiss the plaintiff's Section 1692c(b) claim on the basis that Section 1692c only applies to consumers, as defined in the FDCPA, and the plaintiff was not a consumer because she did not owe the subject debt. *Id*. at 1311. The court found that the plaintiff never alleged that she was obligated to pay the debt, or that the defendant told her she was obligated to pay the debt, and, consequently, "Plaintiff is not a 'consumer' within the FDCPA." *Id*. at 1311-12. The court found that the plaintiff did not have standing to maintain an action for a violation of Section 1692c(b) and dismissed that claim. *Id*.

Here, just as in *Johnson* and *Deuel*, Plaintiff lacks standing to assert a claim under Section 1692c(a)(1) because she is not a "consumer" under the FDCPA. Section 1692c(a)(1) only applies to consumers. *See* 15 U.S.C. § 1692c(a)(1) (" . . . a debt collector may not communicate with a *consumer* . . . at any unusual time or place or a time or place known or which should be known to be inconvenient to the *consumer*.")

(emphasis added). Plaintiff does not owe the alleged debt; rather it is owed by the Debtor, a non-party. (Statement of Undisputed Facts ("SUMF") ¶¶ 1-3.) Thus, contrary to Plaintiff's conclusory allegation (SAC ¶ 5), Plaintiff is not a consumer under Section 1692a(3). Further, Plaintiff is not a consumer under Section 1692c(d) because Plaintiff is not the Debtor's spouse, parent (if the consumer is a minor), guardian, executor, or administrator. Critically, by alleging that Plaintiff's granddaughter is the debtor, Plaintiff implicitly concedes she is not a consumer and does not have standing to bring this claim.

Accordingly, because the undisputed material fact show that Plaintiff is not a consumer under the FDCPA, CKS is entitled to final summary judgment on Count I of the SAC. *Reddin v. Rash Curtis & Assocs.*, 2016 WL 3743148, at *3 (E.D. Cal. July 13, 2016) ("Accordingly, because § 1692c is limited to "consumers," the court must grant defendant's motion for summary judgment on plaintiff's FDCPA claim based on § 1692c(a)(1).").

### B. CKS Did Not Call Plaintiff At Any Unusual Time or Place

Under Section 1692c(a)(1) of the FDCPA, a debt collector is only prohibited from calling *consumers*—which, as shown above, Plaintiff is not—"at any unusual time or place or at a time or a place known or which should be known to be inconvenient to the consumer." Absent knowledge of circumstances to the contrary, calls made between 8:00 a.m. and 9:00 p.m. are presumptively reasonable. *Id*.

Here, Plaintiff failed to meet her burden of establishing that CKS called her at an unusual time or place. The SAC merely alleges that Plaintiff received "at least six (6) phone calls" from CKS between May and June 2020. SAC ¶¶ 11, 21.

The earlier FAC made identical factual allegations concerning CKS' alleged calls to Plaintiff. *Compare* FAC (DE 13 ¶ 24) *with* SAC (DE 44 ¶ 21). Critically, in dismissing Plaintiff's prior Section 1692d(5) claim, the Court expressly found that Plaintiff did not allege that CKS called at "odd hours." *O'Guin, v. Webcollex, LLC*, 2021 WL 3471695, at *2 (M.D. Fla. Aug. 6, 2021) (Mizelle, J.). There can be no dispute that Plaintiff's allegation that she instructed Plaintiff to cease contacting her is not the equivalent of advising CKS that it had called at an unusual time or place. Not only has Plaintiff failed to carry her burden of establishing that CKS called at an unusual time and place, the undisputed evidence also shows that CKS only called Plaintiff's telephone number between 8:00 a.m. and 9:00 p.m. (SUMF ¶ 8.) CKS never called Plaintiff before 8:00 a.m. or after 9:00 p.m. (SUMF ¶ 9.)

Accordingly, CKS is entitled to final summary judgment of dismissal, as a matter of fact and law, on Count I of the SAC.

II. **CKS DID NOT USE ANY FALSE, MISLEADING, OR DECEPTIVE REPRESENTATIONS OR MEANS TO COLLECT A DEBT**

The SAC alleges (at ¶¶ 34, 35) that CKS violated Section 1692e of the FDCPA because CKS allegedly knew the Debtor did not live with Plaintiff; Plaintiff indicated that the Debtor could not be reached at the number dialed; Plaintiff instructed CKS to

stop calling; and there was no purpose for CKS' calls "besides attempting to collect the alleged debt in a false, deceptive and misleading way by abusing, annoying and harassing Plaintiff."

Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

> To violate §§ 1692e, 1692e(10) or 1692f of the FDCPA as construed by courts across the country, a debt collector's acts or representations must concern the amount of the debt, the name of the creditor, the statute of limitations for collecting the debt, or the debtor's ability to dispute liability.

*Abraham v. Midland Funding, LLC*, 2016 WL 11567570, at *6 (N.D. Ga. Jan. 21, 2016) (collecting cases).

To prevail on a Section 1692e claim, the plaintiff must establish that the conduct was "materially misleading." *Miljkovic v. Shafritz & Dinkin, P.A.*, 2014 WL 3587550, at *8 (M.D. Fla. July 18, 2014), *aff'd on other grounds*, 791 F.3d 1291 (11th Cir. 2015) (citation omitted). A claim under § 1692e is subject to the same "least sophisticated consumer" analysis as a claim under § 1692g. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1177 (11th Cir. 1985). The question is not "whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the least sophisticated consumer would have been deceived by the debt collector's conduct." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014).

"The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice

with some care." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010). "The test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of [communications] by preserving a quotient of reasonableness." *Id*.

Here, the undisputed material facts show that CKS did not use any false, deceptive, or misleading representations or means in connection with the collection of a debt. The SAC simply alleges that CKS called her just six times in two months after she allegedly made an oral request that CKS cease calling, and that CKS made one statement to Plaintiff: CKS allegedly said in one call that it was "calling to contact Plaintiff's granddaughter for a personal matter." SAC ¶¶ 11-13, 21. None of the foregoing alleged conduct constitutes "false, deceptive, or misleading representations or means" as a matter of law. Plaintiff has neither alleged nor shown how she or any other least sophisticated consumer was or could have been misled, deceived, or duped by CKS' alleged conduct. There is a complete lack of evidence on this issue.

Because no genuine issue of material fact exists as to whether CKS used any false, deceptive, or misleading representations or means, CKS is entitled to final summary judgment on Count II of the SAC. *Abraham*, 2016 WL 11567570, at *6 (granting the defendant summary judgment on Section 1692e claim because the debt collector did not use any false, deceptive, or misleading means or representations).

## CONCLUSION

As demonstrated herein, there was never a good faith factual or legal basis to sustain the causes of action asserted against CKS in this action when it was filed on

June 27, 2020, over 14 months ago, or when the SAC was subsequently filed. To the contrary, the undisputed material facts and Plaintiff's own implicit concession show that Plaintiff is not a "consumer" under the FDCPA and cannot sustain a claim under Section 1692c(a)(1).

Plaintiff repeatedly failed to carry her burden of establishing that CKS called at any unusual times or places. In addition, Plaintiff also repeatedly failed to establish that CKS used any false, misleading, or deceptive means to collect a debt. Because there is no genuine issue of material fact on Plaintiff's two claims, CKS respectfully requests that this Court grant this Motion, enter final summary judgment on Counts I and II of the SAC, dismiss this action, and grant such other further relief a the Court may deem just and proper under the circumstances.

Dated: November 12, 2021.

*s/ Andrew R. Schindler*

JOSEPH A. SACHER
FBN 174920
*jsacher@grsm.com*
ANDREW R. SCHINDLER
FBN 124845
*aschindler@grsm.com*

GORDON REES SCULLY MANSUKHANI LLP
100 SE 2nd Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5339
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 12, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and that, on the same date, service of the electronically-filed document was served on all parties and counsel of record listed on CM/ECF.

*s/ Andrew R. Schindler*
