UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHIRLEY A. O'GUIN,

    Plaintiff,

v.                                       Case No: 8:20-cv-1471-KKM-SPF

WEBCOLLEX, LLC d/b/a
CKS FINANCIAL,

    Defendant.
_____

## ORDER

Beginning in May 2020, Shirley O'Guin received six phone calls from Webcollex, which sought to collect a debt owed by O'Guin's granddaughter. After receiving these calls, O'Guin brought this action seeking damages under the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collections Practices Act (FCCPA). The Court already dismissed some of O'Guin's FDCPA claims, her only FCCPA claim, and it now grants summary judgment on the remainder.

I.  BACKGROUND[1]

When Webcollex first called O'Guin in May 2020, it was trying "to contact [O'Guin's] granddaughter for a personal matter." (Doc. 44 ¶ 10; Doc. 56 at 3.) O'Guin told Webcollex that she did not live with her granddaughter and it would not be able to reach her through O'Guin's phone number. (Doc. 44 ¶ 12; Doc. 56 at 3.) She also asked Webcollex to stop calling. (Doc. 44 ¶ 13; Doc. 56 at 3.) But Webcollex continued to call. Webcollex called O'Guin another five times, allegedly "looking for her granddaughter . . . or looking to collect the subject debt." (Doc. 44 ¶ 21.)[2] O'Guin alleges that she was "concerned as to why [Webcollex] continued to contact her when she explained that she did not live with her granddaughter and that they would not be able to contact her at [O'Guin's] phone number" and that she was concerned that Webcollex "would continue to call and attempt to collect on the subject debt." (*Id.* ¶¶ 24–25.)

O'Guin filed her initial Complaint on June 27, 2020, bringing a claim under the FDCPA and the FCCPA. (Doc. 1.) O'Guin filed her first amended complaint on September 14, 2020, adding two more claims under the FDCPA. (Doc. 13.) In her Amended Complaint, O'Guin brought claims under the FDCPA for abusive and harassing

---

[1] The Court recounts the undisputed facts as contained in the record. To the extent facts are disputed or capable of multiple inferences, the Court construes the record in favor of the nonmovant, O'Guin. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020).

[2] Webcollex admits only four of these additional occasions and does not admit the content of the calls. (Doc. 56 at 3.) The Court need not resolve this dispute about the number of calls because it is immaterial to the summary judgment analysis.

conduct in connection with the collection of a debt, collection of a debt at an unusual time or place, and the use of false, deceptive, or misleading means in connection with collection of a debt. (*Id.* ¶¶ 30–45.) She also brought a claim under the FCCPA for continually calling O'Guin in a way that would be expected to harass her. (*Id.* ¶¶ 47–48.) Webcollex moved to dismiss her amended complaint, and the Court granted the motion in part, dismissing O'Guin's first FDCPA claim and her only FCCPA claim because neither the volume and frequency nor the content of the calls constituted abusive or harassing conduct under the FDCPA or FCCPA. (Doc. 22; Doc. 40.) Because the FDCPA claims were all pleaded in a single count, the Court directed O'Guin to file a Second Amended Complaint separating the remaining two claims into distinct counts. (Doc. 40 at 8–9.) She did so. (Doc. 44.)

Webcollex then moved to dismiss O'Guin's two remaining FDCPA claims and O'Guin timely responded. (Doc. 46; Doc. 54.) While that motion was pending, Webcollex moved for summary judgment. (Doc. 56.) The Court granted O'Guin an extension of time to respond to Webcollex's Motion for Summary Judgment and, after O'Guin's attorney withdrew, granted O'Guin an additional extension of time to respond. (Doc. 62; Doc. 65.) After that time lapsed with no response, the Court notified O'Guin of the implications of failing to rebut Webcollex's motion for summary judgment and provided her yet another ten days to come forward with any evidence in opposition to the pending motion. (Doc.

3

66.) Despite these extensions, O'Guin has not responded, and the motion is ripe and unopposed. *See* Local Rule 3.01(c) (noting that when a party fails to timely respond to a motion, it is "subject to treatment as unopposed"). It is also meritorious.

## II.   MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A moving party is entitled to summary judgment when the nonmoving party "fail[s] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party must "go beyond the pleadings" and point to evidence in the record that demonstrates the existence of a genuine issue for trial. *Id.* at 324 (quotation omitted). The Court reviews all the record evidence and draws all legitimate inferences in the nonmoving party's favor. *Sconiers*, 946 F.3d at 1263.

## III.   ANALYSIS

O'Guin brought two Counts under the FDCPA. In Count I, O'Guin alleges she is entitled to damages under the FDCPA because Webcollex communicated with her at an unusual time or place in violation of 15 U.S.C. § 1692c(a)(1). (Doc. 44 ¶ 28–29.) In Count

4

II, O'Guin seeks damages from Webcollex for using false, deceptive, or misleading representations in connection with the collection of a debt when it called her in violation of § 1692e.[3] (*Id.* ¶¶ 33–35.) Webcollex moves for summary judgment on both Counts, contending that O'Guin lacks statutory standing because she is not a consumer who can bring a claim under § 1692c(a)(1) and that it never violated § 1692e by using any false, misleading, or deceptive representations to collect a debt.[4] The Court agrees and grants summary judgment for Webcollex on O'Guin's remaining claims.

### A. O'Guin Cannot Bring a Claim under § 1692c(a)(1) for a Debt Owed by Her Granddaughter

In Count I, O'Guin alleges that she is entitled to damages because Webcollex communicated with her at an unusual and inconvenient time in violation of § 1692c(a)(1). According to her, its calls were inconvenient because Webcollex knew that O'Guin's granddaughter did not live with her, that O'Guin's phone number was not a good way to reach her granddaughter, and that O'Guin had requested it stop calling. (Doc. 44 ¶ 29.) Whether O'Guin alleges calls which were inconvenient is irrelevant because O'Guin is not a consumer under subsection (a).

---

[3] O'Guin labeled the second count in her complaint "Count III." (Doc. 44 at 5.) Because "Count III" immediately follows Count II, the Court refers to this count as Count II.

[4] Webcollex also argues it is entitled to summary judgment on O'Guin's § 1692c(a)(1) claim because it did not make any calls at unusual or inconvenient times. (Doc. 56 at 9–10.) Because the Court finds that O'Guin lacks statutory standing to bring her claim, it does not reach this argument.

A debt collector may be liable under the FDCPA when it violates a provision of the FDCPA "with respect to any person." § 1692k(a). Thus, a person cannot recover under the FDCPA if the debt collector did not violate the FDCPA or did not violate the FDCPA "with respect to [them]." *Id.* Although O'Guin alleges that Webcollex violated § 1692c(a)(1) of the FDCPA, a debt collector violates that section only when it contacts a "consumer," the person who owes the debt it seeks to collect. *See Johnson v. Ocwen Loan Servicing*, 374 F. App'x 868, 874 (11th Cir. 2010) (per curiam). Specifically, the FDCPA prohibits a debt collector from "communicat[ing] with a *consumer* in connection with the collection of any debt . . . at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer," unless the consumer consented or a court of competent jurisdiction permitted such contact. § 1692c(a) (emphasis added).

And O'Guin is not a "consumer" under the FDCPA, defined as "any natural person obligated or allegedly obligated to pay any debt." § 1692a(3). Section 1692c slightly expands this definition to also include "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." § 1692c(d). Therefore, § 1692c(a) prohibits a debt collector from communicating at unusual times and places only with the consumer—someone who owes the debt it is seeking to collect—or the consumer's parent, guardian, executor, or administrator. *See Johnson*, 374 F. App'x at 874 (affirming a district court's conclusion that the plaintiff was not protected by the statute because she "was not a debtor

6

or 'consumer' of the loan").⁵ Many courts also read § 1692c(a) to prohibit communications only with the person owing the debt the collector seeks to collect. *See Montgomery v. Huntington Bank*, 346 F.3d 693, 697 (6th Cir. 2003); *Deuel v. Santander Consumer USA, Inc.*, 700 F. Supp. 2d 1306, 1311–12 (S.D. Fla. 2010) (Cohn, J.); *Lachi v. GE Cap. Bank*, 993 F. Supp. 2d 1228, 1232 (S.D. Cal. 2014) (Curiel, J.); *Reddin v. Rash Curtis & Assocs.*, No. 2:15-01305 WBS CKD, 2016 WL 3743148, at *2 (E.D. Cal. July 13, 2016) (Shubb, J.).

Webcollex shows that O'Guin did not owe Webcollex the debt it sought to collect. In fact, O'Guin alleges just that in her Second Amended Complaint. (Doc. 44 ¶ 30 ("Plaintiff . . . did not owe the subject debt . . . .").) O'Guin does not respond to Webcollex's Motion for Summary Judgment and the undisputed evidence indicates that O'Guin did not owe the subject debt. Nor is there any evidence that O'Guin was her granddaughter's guardian, executor, or administrator under § 1692c(d). Therefore, Webcollex is entitled to judgment as a matter of law on O'Guin's § 1692c(a)(1) claim.⁶

---

⁵ *Johnson* upheld the district court's determination that the plaintiff lacked prudential standing to pursue her § 1692 claim because she was not within the statute's zone of interests. *See Johnson*, 374 F. App'x at 875. Although the Supreme Court subsequently explained that the zone-of-interests analysis affects whether the plaintiff has a claim, not standing, *see Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014), the Eleventh Circuit's conclusion that the plaintiff "was not protected by" § 1692 still means that a plaintiff cannot bring a cause of action under § 1692c(a) where he did not owe the disputed debt.

⁶ Because O'Guin alleges a violation of only subsection (a)(1) within § 1692c, the Court does not consider whether O'Guin could have alleged a violation under § 1692c(b).

### B. O'Guin Fails to Show False, Deceptive, or Misleading Conduct

In Count II, O'Guin alleges that Webcollex violated § 1692e by making false, deceptive, and misleading representations to her in connection with the collection of the debt. But she fails to provide evidence from which a reasonable jury could conclude Webcollex made any misleading representations or engaged in any misleading conduct.

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Whether the representations and "means" are false, deceptive, or misleading depends not on whether the plaintiff was deceived or misled, but whether "the least sophisticated consumer" would have been deceived. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). The inquiry is thus an objective one. *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1210 (11th Cir. 2019). The "least sophisticated consumer" is someone with "a minimal understanding of personal finance and debt collection" but who "possesses a rudimentary amount of information about the world and a willingness to read a collection notice," or receive a phone call, "with some care." *Id.* (alteration and quotation omitted). The least-sophisticated-consumer standard does not permit liability "for bizarre or idiosyncratic interpretations" of a debt collector's conduct. *Id.* (quotation omitted). And, naturally, the least sophisticated consumer is not misled when the debt collector's representations and conduct leads him to believe something that is true. *See Sheriff v.*

8

*Gillie*, 578 U.S. 317, 325 (2016) (concluding that a representation did not violate § 1692e when it conveyed accurate information); *Klein v. Affiliated Grp., Inc.*, 994 F.3d 913, 918 (8th Cir. 2021) (same). The Court must grant summary judgment for Webcollex if no reasonable jury could find that the least sophisticated consumer would have been deceived by Webcollex's representations and conduct. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1195 (11th Cir. 2010).

That is the case here. Webcollex notes that the evidence shows that it called O'Guin six times and, in the first phone call, stated that it was "calling to contact [O'Guin's] granddaughter for a personal matter."[7] (Doc. 56 at 12.) In her response to Webcollex's Motion to Dismiss, O'Guin argues this conduct is false, misleading, or deceptive for two reasons. But even if the Court needs to address arguments raised in response to a different motion, both reasons fail.

O'Guin first argued that Webcollex violated § 1692e because she was personally distraught by the calls and "was concerned that [Webcollex] would continue to call and attempt to collect on the subject debt." (Doc. 54 at 9–10.) That allegation remains only an allegation in the absence of any admissible evidence allowing a jury to conclude that O'Guin was distraught from the phone calls or concerned that Webcollex would continue to call and attempt to collect. Nor has Webcollex admitted that O'Guin was distraught and

---

[7] Webcollex argues that these are mere allegations, but it admits those allegations for purposes of the motion. (Doc. 56 at 3 n.2.)

9

concerned that Webcollex would attempt to collect from her. (Doc. 56 at 3 & n.2); *see Celotex Corp.*, 477 U.S. at 324 (noting that a nonmovant who bears the burden of proof at trial must go beyond its pleadings). But even if she had proffered evidence of her distraught state, that alone fails to establish that Webcollex's conduct would have deceived or misled the least sophisticated consumer. *See Pinson*, 942 F.3d at 1210 (requiring that the least sophisticated consumer would have been misled by the debt collector's conduct).

And O'Guin's second argument—that Webcollex's representations and conduct would lead the least sophisticated consumer to believe that the purpose of the calls was "to attempt to collect an alleged subject debt which [she] did not owe," (Doc. 54 at 10)—fares no better. A reasonable jury could not conclude from this record that the least sophisticated consumer would have been misled to believe that the purpose of the phone calls was to attempt to collect a debt from O'Guin. The evidence supports that Webcollex called O'Guin looking for O'Guin's granddaughter, O'Guin told Webcollex that her granddaughter did not live with her, that she could not be reached through O'Guin's phone number, and, despite O'Guin's request that Webcollex cease calling, it called five more times. (Doc. 56 at 3.) A plaintiff with "a rudimentary amount of information about the world and a willingness to" treat communications from a debt collector "with some care," *LeBlanc*, 601 F.3d at 1194 (quotation omitted), would not conclude from these interactions that Webcollex was seeking to collect the debt from her. A jury cannot

speculate as to the content of those phone calls. *See Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1326 (11th Cir. 1982) (prohibiting a jury from engaging "in a degree of speculation and conjecture that renders its finding a guess or mere possibility"). And the least sophisticated consumer standard does not "provide solace to the willfully blind or non-observant." *Belcher v. Ocwen Loan Servicing, LLC*, No. 8:16-CV-690-T-23AEP, 2020 WL 9259763, at *4 (M.D. Fla. Jan. 17, 2020) (Merryday, J.) (quoting *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 298 (3d Cir. 2008)). Here, a reasonable jury could not find that the least sophisticated consumer would believe Webcollex was attempting to collect from O'Guin directly.

Webcollex shows that there is no evidence from which a jury could conclude that the least sophisticated consumer would have been misled by its representations or conduct. O'Guin does not respond to the Motion for Summary Judgment to provide any evidence from which a jury could find in her favor. Nor do her responses to Webcollex's Motion to Dismiss show how the evidence before the Court would permit a reasonable jury to find that the least sophisticated consumer would have been misled. The Court grants summary judgment in favor of Webcollex on O'Guin's § 1692e claim.

## IV.   CONCLUSION

O'Guin brought this action against Webcollex alleging violations of the FDCPA and FCCPA. The Court already dismissed one of O'Guin's FDCPA claims and her

11

FCCPA claim and now enters judgment on the remaining FDCPA claims. Accordingly, the following is **ORDERED**:

1. The Court **GRANTS** Webcollex's Motion for Summary Judgment on Plaintiff's Second Amended Complaint. (Doc. 56.)

2. The Clerk is **DIRECTED** to enter judgment in Webcollex's favor, to terminate any pending motions and deadlines, and to close this case.

**ORDERED** in Tampa, Florida, on January 31, 2021.

Kathryn Kimball Mizelle
United States District Judge